# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:09CV-00121-M**

**LINDA McCOLLUM**                                                                                           **PLAINTIFF**

**V.**

**OWENSBORO COMMUNITY & TECHNICAL COLLEGE**                               **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Owensboro Community and Technical College, to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) [DN 5]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

Plaintiff, Linda McCollum, was employed by Defendant, Owensboro Community & Technical College (hereinafter "OCTC"), as an instructional specialist at the Teaching and Learning Center on campus. McCollum asserts claims against OCTC for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201, *et seq.*, and Kentucky Civil Rights Act ("KCRA"), KRS § 344.010, constructive discharge, and intentional infliction of emotional distress. McCollum alleges that she was subject to discrimination, retaliation, and infliction of emotional distress as a result of her efforts to obtain accommodations on behalf of a disabled OCTC student. Specifically, McCollum asserts that as an instructional specialist she became aware of a blind student who had difficulty functioning as a student at OCTC because there were no Braille signs for restrooms and classrooms and no books had been ordered for his classes. McCollum alleges that she attempted to obtain Braille signs, books, facilities, and instructions for the student. According to McCollum, based upon the concerns she voiced to administrators, she received hostile treatment and retaliation

and was eventually constructively discharged.

OCTC filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) arguing that (1) the Eleventh Amendment and the doctrine of sovereign immunity under Section 231 of the Kentucky Constitution bars McCollum's ADA claim, (2) the Eleventh Amendment bars McCollum's state law claims, and (3) alternatively, McCollum's state law claims should be dismissed because the absence of a viable federal court claim deprives this Court of jurisdiction.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true," League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir.2007), and determine whether the "complaint states a plausible claim for relief." Ashcroft v.. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1950 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). A complaint falls short of this standard if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949, 1950.

## III. DISCUSSION

### A. Eleventh Amendment Immunity

#### 1. OCTC is an Agency of the Commonwealth

"To determine whether an entity is a state department or agency for purposes of the Eleventh Amendment, the primary issue is whether the state itself would be liable for money damages against the entity." Creusere v. Weaver, 2009 WL 170667, *4 (6th Cir. Jan. 26, 2009) (citing Brotherton v. Cleveland, 173 F.3d 552, 560-61 (6th Cir. 1999)). "Courts also look to such other factors as how state law defines the entity and the degree of control the state exercises over the entity." Id. OCTC is part of the Kentucky Community and Technical College System ("KCTCS") established and organized under the laws of the Commonwealth. See KRS § 164.580; KRS § 164.591. See also KRS § 164.001(16) ("Postsecondary education system" is defined to include public institutions such as the University of Kentucky, the University of Louisville, and KCTCS). KCTCS is an agency of Kentucky's state government. In fact, KRS § 44.073(1) expressly provides that "state institutions of higher education under KRS 164 are agencies of the state." See also Stigall v. University of Kentucky Hosp., 2009 WL 3739385 (E.D. Ky. Nov. 6, 2009); Hutsell v. Sayre, 5 F.3d 996, 1002-03 (6th Cir.1993). Therefore, for purposes of the Eleventh Amendment, OCTC is a state agency.

#### 2. Eleventh Amendment Immunity and the ADA

The Americans with Disabilities Act ("ADA") prohibits "discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." Tennessee v. Lane, 541 U.S. 509, 516-517 (2004). See 42 U.S.C. §§ 12111-12117 (Title I); 42 U.S.C. §§ 12131-12165 (Title II); 42 U.S.C.

§§ 12181-12189 (Title III). Title V (Subchapter IV) sets forth various miscellaneous provisions, including the ADA's anti-retaliation provision which provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

OCTC characterizes McCollum's claim as a Title I ADA claim and argues that the United States Supreme Court has held that state employees claims for violation of the ADA are barred by the Eleventh Amendment. See Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). (Defendant's Reply at 1-2.) In response to OCTC's motion to dismiss, Plaintiff did not specifically articulate the Title of the ADA under which she brings her claim. However, in her Complaint, McCollum specifically "seeks to address the violation of [her] Civil Rights and retaliation for efforts to obtain accommodations and to enforce a disabled student's civil rights, a violation of the Plaintiff's civil rights under the Americans with Disabilities Act of 1990 (ADA) 42 U.S.C. § 12201 et seq. . . . ." (Complaint at ¶ 1.) Further, McCollum alleges that "[t]he Defendant discriminated against the Plaintiff in regard to the terms, conditions, privileges of employment and retaliated against the Plaintiff because of her efforts to obtain accommodations on behalf of a blind student, K.A., and because she became the subject of retaliation." (Id. at ¶ 29.) Additionally, throughout the Complaint and her response, McCollum accuses OCTC of retaliatory conduct and asserts that she received retaliatory treatment. (Id. at ¶ 31; Plaintiff's Response at 4.) Therefore, it appears to the Court that Plaintiff has asserted at the very least a retaliation claim pursuant to Title V of ADA.

4

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. Amend. XI. The withdrawal of jurisdiction equals an immunity from suit. Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). Congress may abrogate a State's Eleventh Amendment immunity "when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001)(citation omitted). "In addition, a State is free to waive its immunity from suit in federal court." Stewart v. Moccasin Bend Mental Hosp., 2009 WL 2244621, *2 (E.D. Tenn. July 24, 2009)(citing Lapides v. Board of Regents, 535 U.S. 613, 618 (2002)). "However, absent waiver or abrogation, a State retains its Eleventh Amendment immunity in federal court." Id.

At the outset, Plaintiff cites no authority that the Kentucky General Assembly waived its immunity from suit in federal court with respect to the ADA. See Ewbank v. Gallatin County, Ky., 2006 WL 197076, *3 (E.D. Ky. 2006). Therefore, the question is whether Congress has validly abrogated the state's Eleventh Amendment immunity from suit with respect to McCollum's ADA claim.

It is undisputed that Congress abrogated the State's Eleventh Amendment immunity by specifically providing in the ADA that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202. However, in Board of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356 (2001), the Supreme Court invalidated Congress'

abrogation of the States' immunity to claims under Title I of the ADA. Id. at 374.[1] In contrast, the Supreme Court has held that Congress validly abrogated state sovereign immunity to certain claims brought under Title II of the ADA. See United States v. Georgia, 546 U.S. 151, 159 (2006)("[I]nsofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."); Tennessee v. Lane, 541 U.S. 509, 533-534 (2004)(Title II validly abrogates state immunity as to cases involving the right of access to the courts). See also Mingus v. Butler, 591 F.3d 474, 482-483 (6th Cir. 2010) (citing Zibbell v. Mich. Dep't of Human Servs., 313 Fed. Appx. 843, 847 (6th Cir. 2009)(mandated procedure for lower courts to follow when confronted with a state's claim of immunity under the Eleventh Amendment in cases involving ADA Title II)).

However, neither the United States Supreme Court nor the Sixth Circuit has confronted the issue of Eleventh Amendment immunity under Title V of the ADA, 42 U.S.C. § 12203. Other courts facing this question have reached differing results on the issue. Flax v. Delaware Div. of Family Services, 2008 WL 1758857, *8 (D. Del. 2008). Some courts have found that retaliation claims under § 12203 are barred by the Eleventh Amendment. See e.g., Demshki v. Monteith, 255 F.3d 986, 988-89 (9th Cir. 2001).[2] Others, however, have determined there is no Eleventh Amendment

---

[1]Therefore, to the extent that McCollum seeks damages under Title I of the ADA, the Court will grant the motion to dismiss.

[2]See e.g., Demshki v. Monteith, 255 F.3d 986, 988-89 (9th Cir. 2001) (Eleventh Amendment bars a retaliation claim against state legislative committee raised under Title V of the ADA due to absence of legislative findings demonstrating "a pattern of discrimination by states against employees who oppose unlawful employment discrimination against the disabled," and "absent a history of such evil by the states, Congress may not abrogate the states' Eleventh Amendment immunity from Title V claims." Id. at 989.); Warren v. Goord, 2006 WL 1582385, *17 (W.D. N.Y. May 26, 2006)("[N]othing in the ADA's legislative findings demonstrates that Title V was enacted in response to a pattern of discrimination by states against persons opposing

immunity for retaliation claims. See, e.g., Sarkissian v. West Virginia Bd. of Governors, 2007 WL 1308978 (N.D. W.Va. May 3, 2007).[3] Neither party adequately addressed the issue of the State's immunity under Title V of the ADA. Because of the limited discussion by the parties, the Court declines to rule on the issue at this time. Supplemental briefing on this issue is necessary before the Court can decide whether the Eleventh Amendment bars Plaintiff's Title V retaliation claim.

**B. State Law Claims**

OCTC argues that McCollum's state law claims under KCRA, as well as the common-law claims for constructive discharge and intentional infliction of emotional distress, must be dismissed on Eleventh Amendment grounds. The Eleventh Amendment prohibits federal courts from hearing state law claims against states and arms of the state that have not waived immunity. Mosier v. Kentucky, 640 F. Supp.2d 875, 879 (E.D. Ky. 2009)(citing Alden v. Maine, 527 U.S. 706, 755-56 (1999)). In fact, a state may retain Eleventh Amendment immunity from suit in federal court even

---

practices unlawful under the ADA as required to support abrogation of the states' Eleventh Amendment immunity." Id. at 17.); Foster v. New Jersey Dep't of Transp., 2005 WL 3542462 (D. N.J. Dec. 27, 2005); Shabazz v. Texas Youth Comm'n, 300 F. Supp. 2d 467, 472-73 (N.D. Tex. 2003) (barring ADA Title V claim based upon employment discrimination by state agency).

[3] Sarkissian v. West Virginia Bd. of Governors, 2007 WL 1308978 (N.D. W.Va. May 3, 2007) (no Eleventh Amendment immunity for ADA Title V retaliation claim, at least where the claims are predicated on alleged violations of Title II); Demby v. Maryland Dept. of Health & Mental Hygiene, 2009 WL 415265, *1 (D. Md. Feb. 13, 2009)(leave to amend complaint to state an ADA retaliation claim related to a Title II claim); Roberts v. Pennsylvania Dep't of Pub. Welfare, 199 F. Supp. 2d 249, 254 (E.D. Pa. 2002) (no Eleventh Amendment immunity for ADA Title V claim given the asserted First Amendment violation and the ADA and Rehabilitation Act's retaliation provisions that serve to enforce the actual guarantees under § 1 of the Fourteenth Amendment). See also Chiesa v. New York State Dept. of Labor, 638 F. Supp.2d 316, 323 (N.D. N.Y. 2009)("Applying the Title I and Title II conditions on liability to Title V ensures state employers receive the degree of protection Congress intended. If a state is immune from underlying discrimination, then it follows that the state must be immune from claims alleging retaliation for protesting against discrimination.")

if it has waived its immunity and consented to be sued in state courts. Mixon v. State of Ohio, 193 F.3d 389, 397 (6th Cir.1999).

While Kentucky has waived immunity in state courts for KCRA claims, Dep't of Corrections v. Furr, 23 S.W.3d 615, 618 (Ky. 2000), "Kentucky has not waived its immunity from suit in federal court for claims under KRS Chapter 344 [KCRA]." Mosier, 640 F. Supp.2d at 879 (citing Wilson v. Kentucky, 2008 WL 4951774 *1 (E.D. Ky. Nov. 14, 2008)); Lanier v. Kentucky Comm'n on Human Rights, 2007 WL 2407274, *3 (W.D. Ky. Aug. 20, 2007). Likewise, Kentucky has not waived its immunity from suit in federal court for common law tort claims. Lanier, 2007 WL 2407274, *3. Thus, Plaintiff's state law claims for violations of the Kentucky Civil Rights Act, constructive discharge, and intentional infliction of emotional distress are properly dismissed.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Owensboro Community and Technical College, to dismiss [DN 5] is **granted in part**. Plaintiff's ADA Title I claim, Kentucky Civil Rights Act claim, constructive discharge, and intentional infliction of emotional distress claim are dismissed. **IT IS FURTHER ORDERED** that **no later than Tuesday, May 11, 2010**, the parties shall file simultaneous briefs regarding whether Plaintiff's retaliation claim under § 12203 of the ADA is barred by the Eleventh Amendment. **No later than Tuesday, May 25, 2010**, the parties shall file simultaneous responses.

cc: counsel of record