**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:09CV-00121-M**

**LINDA McCOLLUM**                                                                              **PLAINTIFF**

**V.**

**OWENSBORO COMMUNITY & TECHNICAL COLLEGE**               **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Owensboro Community and Technical College, to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) [DN 5]. Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

Plaintiff, Linda McCollum, was employed by Defendant, Owensboro Community & Technical College (hereinafter "OCTC"), as an instructional specialist at the Teaching and Learning Center on campus. McCollum asserts claims against OCTC for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201, *et seq.*, and Kentucky Civil Rights Act ("KCRA"), KRS § 344.010, constructive discharge, and intentional infliction of emotional distress. McCollum alleges that she was subject to discrimination, retaliation, and infliction of emotional distress as a result of her efforts to obtain accommodations on behalf of a disabled OCTC student. Specifically, McCollum asserts that as an instructional specialist she became aware of a blind student who had difficulty functioning as a student at OCTC because there were no Braille signs for restrooms and classrooms and no books had been ordered for his classes. McCollum alleges that she attempted to obtain Braille signs, books, facilities, and instructions for the student. According to McCollum, based upon the concerns she voiced to administrators, she received hostile treatment and retaliation

and was eventually constructively discharged.

OCTC filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) arguing that the Eleventh Amendment and the doctrine of sovereign immunity under Section 231 of the Kentucky Constitution bars McCollum's ADA claim and that the Eleventh Amendment bars McCollum's state law claims. The Court dismissed the Plaintiff's ADA Title I claim, Kentucky Civil Rights Act claim, constructive discharge claim, and intentional infliction of emotional distress claim finding that the Eleventh Amendment barred such claims. The Court ordered supplemental briefing regarding the issue of whether Plaintiff's retaliation claim under § 12203 of the ADA is barred by the Eleventh Amendment. Plaintiff and Defendant filed their supplemental briefs. [DN 11, DN 12]. The United States then filed a Notice of Intervention in this matter pursuant to 28 U.S.C. § 2403(a) for the limited purpose of defending the constitutionality of the federal statute removing States' Eleventh Amendment immunity for private claims under the retaliation provision of the ADA, 42 U.S.C. § 12203. The United States has now filed its brief and the Plaintiff and Defendant have filed timely responses. [DN 13, DN 18, DN 19, DN 20].

## II. DISCUSSION

The Americans with Disabilities Act ("ADA") prohibits "discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." Tennessee v. Lane, 541 U.S. 509, 516-517 (2004). See 42 U.S.C. §§ 12111-12117 (Title I); 42 U.S.C. §§ 12131-12165 (Title II); 42 U.S.C. §§ 12181-12189 (Title III). Title V sets forth various miscellaneous provisions, including the ADA's anti-retaliation provision which provides that "[n]o person shall discriminate against any

2

individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

McCollum brings a claim pursuant to Title V of the ADA alleging that OCTC retaliated against her in response to her efforts to help a disabled student obtain accommodations and access to public education. Specifically, McCollum alleges that "[t]he Defendant discriminated against the Plaintiff in regard to the terms, conditions, privileges of employment and retaliated against the Plaintiff because of her efforts to obtain accommodations on behalf of a blind student, K.A. . . . ." (Complaint at ¶ 29.) OCTC argues that McCollum's retaliation claim brought under Title V of the ADA is barred by the Eleventh Amendment. See Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). Both McCollum and the United States disagree.

**A. Eleventh Amendment**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. Amend. XI. The withdrawal of jurisdiction equals an immunity from suit. Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). Congress may abrogate a State's Eleventh Amendment immunity "when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001)(citation omitted). "In addition, a State is free to waive its immunity from suit in federal court." Stewart v. Moccasin Bend Mental Hosp., 2009 WL 2244621, *2 (E.D. Tenn. July 24,

3

2009)(citing Lapides v. Board of Regents, 535 U.S. 613, 618 (2002)). "However, absent waiver or abrogation, a State retains its Eleventh Amendment immunity in federal court." Id.

## B. Eleventh Amendment and the ADA

The Kentucky General Assembly did not waive its immunity from suit in federal court with respect to the ADA. See Ewbank v. Gallatin County, Ky., 2006 WL 197076, *3 (E.D. Ky. 2006). Therefore, the question is whether Congress has validly abrogated the State's Eleventh Amendment immunity from suit with respect to McCollum's retaliation claim brought pursuant to Title V of the ADA, 42 U.S.C. § 12203.

It is undisputed that Congress abrogated the State's Eleventh Amendment immunity by specifically providing in the ADA that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202. However, in Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356 (2001), the Supreme Court invalidated Congress' abrogation of the States' immunity to claims under Title I of the ADA. Id. at 374. In contrast, the Supreme Court has held that Congress validly abrogated state sovereign immunity to certain claims brought under Title II of the ADA. See United States v. Georgia, 546 U.S. 151, 159 (2006)("[I]nsofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."); Tennessee v. Lane, 541 U.S. 509, 533-534 (2004)(Title II validly abrogates state immunity as to cases involving the right of access to the courts).[1] See also Mingus v. Butler, 591

---

[1] In its last brief filed, OCTC appears to argue that the holdings in Tennessee v. Lane and United States v. Georgia do not apply to the present case because access to higher education is not a fundamental constitutional right. However, relying on both Supreme Court cases, circuit

4

F.3d 474, 482-483 (6th Cir. 2010) (citing Zibbell v. Mich. Dep't of Human Servs., 313 Fed. Appx. 843, 847 (6th Cir. 2009)(mandated procedure for lower courts to follow when confronted with a state's claim of immunity under the Eleventh Amendment in cases involving ADA Title II)).

However, neither the United States Supreme Court nor the Sixth Circuit has confronted the issue of Eleventh Amendment immunity under Title V of the ADA, 42 U.S.C. § 12203. Other courts facing this question have reached differing results on the issue. Flax v. Delaware Div. of Family Services, 2008 WL 1758857, *8 (D. Del. 2008). Some courts have found that retaliation claims under § 12203 are barred by the Eleventh Amendment. See e.g., Demshki v. Monteith, 255 F.3d 986, 988-89 (9th Cir. 2001).[2] Others, however, have determined there is no Eleventh Amendment immunity for retaliation claims. See, e.g., Sarkissian v. West Virginia Bd. of Governors, 2007 WL 1308978 (N.D.W.Va. May 3, 2007).[3]

---

courts have held that Title II of the ADA validly abrogates sovereign immunity with respect to public education. See Bowers v. NCAA, 475 F.3d 524, 555-556 (3d. Cir. 2007); Toledo v. Sanchez, 454 F.3d 24, 40 (1st Cir. 2006); Association for Disabled Americans, Inc. v. Florida International University, 405 F.3d 954, 957-959 (11th Cir. 2005); see also Frank v. University of Toledo, 621 F. Supp. 2d 475, 481 (N.D. Ohio 2007).

[2]See e.g., Demshki v. Monteith, 255 F.3d 986, 988-89 (9th Cir. 2001) (Eleventh Amendment bars a retaliation claim against state legislative committee raised under Title V of the ADA where the claims are predicated on alleged violations of Title I due to absence of legislative findings demonstrating "a pattern of discrimination by states against employees who oppose unlawful *employment* discrimination against the disabled," and "absent a history of such evil by the states, Congress may not abrogate the states' Eleventh Amendment immunity from Title V claims." Id. at 989 (emphasis added)); Warren v. Goord, 2006 WL 1582385, *17 (W.D. N.Y. May 26, 2006)("[N]othing in the ADA's legislative findings demonstrates that Title V was enacted in response to a pattern of discrimination by states against persons opposing practices unlawful under the ADA as required to support abrogation of the states' Eleventh Amendment immunity." Id. at 17.); Foster v. New Jersey Dep't of Transp., 2005 WL 3542462 (D. N.J. Dec. 27, 2005); Shabazz v. Texas Youth Comm'n, 300 F. Supp. 2d 467, 472-73 (N.D. Tex. 2003) (barring ADA Title V claim based upon employment discrimination by state agency).

[3] Sarkissian v. West Virginia Bd. of Governors, 2007 WL 1308978 (N.D.W.Va. May 3, 2007) (no Eleventh Amendment immunity for ADA Title V retaliation claim, at least where the

5

The majority of the courts when confronted with this question considered the underlying discrimination a plaintiff opposed in determining whether a plaintiff's retaliation claim under § 12203 of the ADA is barred by the Eleventh Amendment. "Applying the Title I and Title II conditions on liability to Title V ensures state employers receive the degree of protection Congress intended. If a state is immune from underlying discrimination, then it follows that the state must be immune from claims alleging retaliation for protesting against discrimination." Chiesa v. New York State Dep't of Labor, 638 F. Supp. 2d 316, 323 (N.D.N.Y. 2009). Thus, where the underlying claim is predicated on alleged violations of Title I of the ADA, then the Title I immunity recognized in Garrett is generally extended to ADA Title V retaliation claims. See Demshki, 255 F.3d at 989-90. Where the underlying claim is predicated on alleged violations of Title II of the ADA, then the Title II abrogation of immunity is extended to ADA Title V retaliation claims. See Demby v. Maryland Dep't of Health & Mental Hygiene, 2009 WL 415265, *1 (D. Md. 2009).

The parties differ significantly on the classification of McCollum's retaliation claim. OCTC argues that McCollum solely alleges discrimination and retaliation concerning the "terms, conditions, [and] privileges of employment," thus extending the Supreme Court's analysis of ADA

---

claims are predicated on alleged violations of Title II); Demby v. Maryland Dept. of Health & Mental Hygiene, 2009 WL 415265, *1 (D. Md. Feb. 13, 2009)(leave to amend complaint to state an ADA retaliation claim related to a Title II claim); Roberts v. Pennsylvania Dep't of Pub. Welfare, 199 F. Supp. 2d 249, 254 (E.D. Pa. 2002) (no Eleventh Amendment immunity for ADA Title V claim given the asserted First Amendment violation and the ADA and Rehabilitation Act's retaliation provisions that serve to enforce the actual guarantees under § 1 of the Fourteenth Amendment). See also Chiesa v. New York State Dep't of Labor, 638 F. Supp. 2d 316, 323 (N.D. N.Y. 2009)("Applying the Title I and Title II conditions on liability to Title V ensures state employers receive the degree of protection Congress intended. If a state is immune from underlying discrimination, then it follows that the state must be immune from claims alleging retaliation for protesting against discrimination.")

Title I employment claims in Garrett to McCollum's Title V retaliation claim. Both McCollum and the United States argue that the Plaintiff's complaint clearly pleads that she suffered retaliation in response to her efforts in helping a student enforce his right of access to public education, thus extending the Supreme Court's analysis of ADA Title II public services claims in Lane to McCollum's Title V retaliation claim. See Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Tennessee v. Lane, 541 U.S. 509, 533-534 (2004).

The facts alleged in McCollum's Complaint demonstrate that her retaliation claim is predicated on Title II of the ADA because she objected to acts of OCTC that were allegedly unlawful under Title II. See, e.g., Bennett v. Board of Educ. of Washington County Joint Vocational School District, 2010 WL 3910364, *4 (S.D. Ohio Oct. 4, 2010); Demby, 2009 WL 415265 at *1. But see Moshenko v. State University of New York at Buffalo, 2009 WL 5873236, *1-*3 (W.D.N.Y. Sept. 16, 2009). McCollum claims that she suffered retaliation because she opposed OCTC's refusal to provide reasonable accommodations for a disabled student in the form of Braille signs for restrooms and classrooms and Braile books for the student's classes. McCollum does not allege a Title V retaliation claim for opposing the employment discrimination of a disabled individual. The fact that the retaliation McCollum suffered took the form of an employment action does not convert this into a case about Title I employment discrimination against individuals with disabilities. "If a claimant opposes acts made unlawful by Title II of the ADA, and as a result suffers retaliation, it is Title II of the ADA that underlies the individual's Title V claim regardless of the form of retaliation visited upon the individual." Bennett, 2010 WL 3910364 at *4. Accordingly, Plaintiff's retaliation claim under Title V of the ADA is predicated on an underlying alleged violation of Title II by OCTC, not Title I. Therefore, because the State is not immune from

7

an underlying Title II discrimination claim, the State is also not immune from McCollum's claim alleging retaliation due to her opposition of that conduct.

### III.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Owensboro Community and Technical College, to dismiss Plaintiff's ADA Title V claim [DN 5] is **denied**.

cc: counsel of record